FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENRIQUE P.,[1] | No. 1:25-CV-03150-MKD |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 12, 19** |
| Defendant. | |

Before the Court are the parties' briefs. ECF Nos. 12, 19. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court reverses the Commissioner's decision and remands the case for the immediate calculation and award of benefits.

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

**JURISDICTION**

Plaintiff was found disabled under the childhood disability standards, with an onset date of February 3, 2014. On June 4, 2015, Plaintiff was notified he no longer qualified for benefits, and his benefits were terminated on August 31, 2015. Tr. 74-75. Plaintiff appealed the cessation and appeared for a hearing officer on March 17, 2016. Tr. 104-15. The hearing officer affirmed the cessation of benefits. Tr. 116-24. Plaintiff appealed the denial, and an administrative law judge (ALJ) held hearings on May 2, 2017, and April 11, 2019. Tr. 38-73. On May 1, 2019, the ALJ denied Plaintiff's claim. Tr. 15-37. This Court remanded the matter on May 28, 2021. Tr. 892-94. The ALJ held another hearing on December 21, 2021. Tr. 844-60. On January 12, 2022, the ALJ denied Plaintiff's claim. Tr. 812-43. This Court again remanded the matter on March 31, 2023. Tr. 1228-52. The ALJ held another hearing on May 23, 2024. Tr. 1181-94. On June 14, 2024, the AJ denied Plaintiff's claim. Tr. 1154-80. The Appeals Council declined to assume jurisdiction on July 24, 2025. Tr. 1140-43.

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported

ORDER - 2

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 3

**FIVE-STEP EVALUATION PROCESS**

After a child has been found to be entitled to disability benefits, the Commissioner is required to redetermine whether the claimant continues to be entitled to benefits once they reach the age of 18. 20 C.F.R. § 416.987. The Commissioner has established a multi-step sequential evaluation process for determining whether a person's disability has ended. 20 C.F.R. § 416.994(b)(5). This multi-step continuing disability review process is similar to the five-step sequential evaluation process used to evaluate initial claims, with additional attention as to whether there has been medical improvement from the point of the finding of disability (the comparison point decision) through the redetermination decision. *Compare* 20 C.F.R. § 416.920 *with* § 416.994(b)(5). However, when a child's eligibility for benefits is redetermined under the adult criteria when the child reaches age 18, the ALJ must consider the redetermination under the rules that apply to an adult's new application, 20 C.F.R. § 416.920, not the criteria set forth in 20 C.F.R. § 416.994. 20 C.F.R. § 416.987(b). A claimant is disabled only if his impairment is "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

ORDER - 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

ORDER - 5

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis

ORDER - 6

concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff attained age 18 on January 29, 2015, and was eligible for supplemental security income benefits as a child for the month preceding the month in which he attained age 18; and that Plaintiff was notified that he was found no longer disabled as of June 4, 2015, based on a redetermination of disability under the rules for adults who file new applications. Tr. 1161.

At step two, the ALJ found that since June 4, 2015, Plaintiff has had the following severe impairments: hearing loss; headaches; learning disability; neurodevelopmental disorder; and intellectual disability. Tr. 1162.

ORDER - 7

At step three, the ALJ found Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 1162.

The ALJ determined that medical improvement occurred by June 4, 2015.  Tr. 1164.  The ALJ then concluded that Plaintiff has had the RFC to perform a full range of work at all exertional levels with following nonexertional limitations: "[Plaintiff] is capable of understanding, remembering, and performing simple, routine tasks.  Due to some hearing loss and possible headaches, he must avoid exposure to moving machinery and other hazards."  Tr. 1164.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 1171.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as hospital cleaner, dining room attendant, and bagger.  Tr. 1171-72.  Therefore, the ALJ concluded Plaintiff's disability ended on June 4, 2015, and he has not become disabled again since that date.  Tr. 1172.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

ORDER - 8

1.  Whether the ALJ violated the Court's mandate and the law of the case;

2.  Whether the ALJ properly assed the medical opinion evidence;

3.  Whether the ALJ properly assessed Plaintiff's testimony;

4.  Whether the ALJ properly evaluated lay witness evidence; and

5.  Whether the ALJ properly assessed "medical improvement" as of June 4, 2015, rather than as of April 1, 2022.

ECF No. 12 at 2.

In response, Defendant "agrees with Plaintiff that the ALJ's decision contains legal errors warranting remand."  ECF No. 19 at 3.  However, Defendant maintains the Court should remand for further proceedings.  *Id.*

## DISCUSSION

The parties agree the ALJ harmfully erred but disagree as to the appropriate remedy.  Plaintiff seeks a remand for calculation and award of benefits.  Defendant agrees remand is appropriate, but only for further proceedings.  For the reasons discussed below, the Court exercises its discretion to remand this matter for the immediate calculation and award of benefits.

**A. Legal Standards Governing Scope of Remand**

When the ALJ commits legal error in denying a claim for benefits, the district court "ordinarily must remand to the agency for further proceedings before directing an award of benefits."  *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir.

ORDER - 9

2017).  The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further administrative proceedings.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Remand for an immediate award of benefits is allowed only when three requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand.  *Leon*, 880 F.3d at 1045; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the Court's discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023).  The Court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

ORDER - 10

**B. Proper Remedy**

All three steps of the credit-as-true rule are satisfied here. The first requirement is satisfied for multiple reasons. As an initial matter, Defendant concedes harmful legal error. ECF No. 19 at 3. Defendant also failed to meaningfully respond to several of Plaintiff's assignments of error, including the ALJ's evaluation of the treating and examining medical opinions, Plaintiff's testimony, and lay witness evidence. If a party fails to counter an argument that the opposing party makes, the Court may treat that argument as conceded. The Court has no obligation to research or manufacture arguments on behalf of litigants. Defendant's strategic choice not to substantively respond to these arguments constitutes concession of these issues. *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing defendant's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Johnny T. v. Berryhill*, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues"). Further, the ALJ's errors are compounded by the ALJ's failure to comply with the Court's prior remand order. As Plaintiff correctly

ORDER - 11

notes, *see* ECF No. 12 at 5-6, the ALJ relied on reasoning materially indistinguishable from the prior decision despite explicit instructions to reevaluate the medical opinion evidence and develop the record.  The Court's review of the decisions confirms this is not a new analysis.  In both decisions, the ALJ discounted Plaintiff's symptoms based on intermittent reports of light sensitivity, "benign or unremarkable" presentation, and normal neurological findings, including identical references to normal cranial nerve examinations, gait, and motor functioning.  *Compare* Tr. 1159-60 *with* Tr. 1209-10.  The ALJ likewise rejected the medical opinion and lay evidence as "out of proportion to the longitudinal record" based on the same categories of normal mental status findings, social functioning, and activities such as participation in sports.  *Compare* Tr. 1168-71 *with* Tr. 1214-17.  The ALJ likewise rejected the lay witness statements using the same rationale, finding them "out of proportion to the longitudinal record" based on normal presentation, routine examination findings, and Plaintiff's activities, again repeating the same analysis previously rejected by the Court.  *Compare* Tr. 1169-71 *with* Tr. 1216-17.  This repetition of the same reasoning, after remand, contravenes the Court's prior order.  In response, Defendant does not dispute that the ALJ failed to follow the Court's remand directives.  As such, the Court concludes that the ALJ erred by: (1) violating the Court's mandate and the law of the case; (2) failing to properly assess Plaintiff's testimony; (3) failing to

ORDER - 12

properly assess the medical opinion evidence; (4) failing to properly assess the lay witness testimony; and (5) failing to properly assess "medical improvement" as of June 4, 2015, rather than as of April 1, 2022.

As for the second requirement, the Court finds further administrative proceedings would serve no useful purpose in light of the unusual posture of this case. This matter has already been subject to multiple administrative proceedings and multiple remands from the Court, with explicit instructions directing the ALJ to reevaluate the medical opinion evidence and develop the record. Despite those instructions, the ALJ relied on materially identical reasoning to again discount the same evidence. *See* Tr. 1159-71, 1209-17. Defendant does not dispute that the ALJ failed to comply with the Court's remand orders or the law of the case. Instead, Defendant points to Plaintiff's work history and aspects of the longitudinal record as suggesting that further proceedings are warranted. *See* ECF No. 19 at 4-5. However, Defendant fails to meaningfully connect this evidence to any specific issue that remains unresolved or that would require further development. Nor does Defendant identify any evidentiary gap, ambiguity, or conflict necessitating additional proceedings. The Ninth Circuit has stressed that precedent "foreclose[s] the argument that a remand for the purpose of allowing the ALJ to have a mulligan [to revisit the medical opinions and testimony that were improperly rejected] qualifies as a remand for a 'useful purpose' under the ... credit-as-true analysis."

ORDER - 13

*Garrison*, 759 F.3d at 1021-22 (citations omitted); *see also Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1220 (C.D. Cal. 2017) ("[R]emanding for the ALJ to reconsider this evidence, which the ALJ already had an opportunity to review, would simply be allowing the ALJ to have a second bite at the apple.").  Further, this case involves a closed period of disability ending in April 2022, when Plaintiff returned to substantial gainful activity.  The relevant period is fixed and the evidentiary record pertaining to that period is complete.  There is no indication that further proceedings would produce new or material evidence.  The record thus does not require further proceedings.

Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand.  Plaintiff relies on the opinions of treating provider Dr. Kredit and examining provider Dr. Dougherty, which assess limitations incompatible with sustained competitive employment, including marked functional limitations and excessive absenteeism.  ECF No. 12 at 6-9;  ECF No. 20 at 3-4; *see, e.g.*, Tr. 858-59, 1127-28.  Defendant points to Plaintiff's work history and the longitudinal record but does not identify any specific evidence that creates serious doubt as to whether Plaintiff was disabled during the relevant period.  *See generally* ECF No. 19 at 5-8.  Accordingly, crediting the improperly rejected evidence, the ALJ would be required to find Plaintiff disabled during the relevant period.

ORDER - 14

Finally, the record as a whole does not create serious doubt as to whether Plaintiff was disabled during the relevant period within the meaning of the Social Security Act.  *See Garrison*, 759 F.3d at 1021.  Defendant has not pointed to any particular aspect of this case that raises serious doubt, where the ALJ has already been afforded multiple opportunities to assess the evidence and Plaintiff has offered consistent testimony at each hearing.  Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate Defendant to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application.  *Treichler*, 775 F.3d at 1100.  Despite prior attempts, the administrative decisions continue to not be properly supported, causing extreme delay.

The Court has no serious doubt that Plaintiff was disabled during the relevant period.  Under these circumstances, and in light of the protracted history of this case, the Court exercises its discretion to remand this matter for a finding of disability.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 12**, is **GRANTED**.

ORDER - 15

2. Defendant's Brief, **ECF No. 19**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED May 6, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 16